JOYCE R. BRANDA
Acting Assistant Attorney General
PAUL J. FISHMAN
United States Attorney
IRENE E. DOWDY
Assistant United States Attorney
/s/ Michael A. DiLauro
MICHAEL A. DiLAURO
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
1425 New York Ave., N.W., Ste. 10146
Washington, D.C. 20005
Telephone: (202) 616-4047
Facsimile:  (202) 616-4002
michael.dilauro@usdoj.gov

14-7336 JEI JS

RECEIVED

NOV 25 2014

AT 8:30_____M
WILLIAM T. WALSH CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Civil Action No.<br>) |
| DENAK DEPOCULUK VE<br>NAKLIYECILIK A.S., *in personam;* | )<br>)<br>) |
| Defendant. | ) |

UNITED STATES' VERIFIED ADMIRALTY COMPLAINT SEEKING MARITIME
ATTACHMENT AND GARNISHMENT OF THE M/V DENAK TRADER

Nature of Action

1. This is a case of admiralty and maritime jurisdiction, as will more fully appear, and it is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. *See also* 28 U.S.C. § 1333(1) (giving district courts original jurisdiction of admiralty or maritime cases).

## Parties and Property Subject to Attachment

2. Plaintiff, the United States of America, is a sovereign nation authorized to bring suit on its own behalf and that of its various administrative agencies. *See* 28 U.S.C. § 1345 (United States as Plaintiff). Relevant here, the United States Army Corps of Engineers owns and operates the Caven Point Marine Terminal, which was damaged on December 28, 2011, when a large sea-going bulk carrier, the M/V FEYZA, accidentally struck it. The M/V FEYZA was owned and operated by DENAK DEPOCULUK VE NAKLIYECILIK A.S. ("DENAK").

3. On information and belief, Defendant DENAK is and was a corporation organized and existing under the laws of the Republic of Turkey, with an office and place of business in Istanbul, Turkey. *See* Exhibit A (Jones Declaration). According to International Maritime Organization records, only one company is identified as DENAK DEPOCULUK VE NAKLIYECILIK. *Id.* The words DENAK or DEPOCULUK or NAKLIYECILIK do not appear individually or in any combination in any other company's name. *Id.*

4. On information and belief, none of the officers of DENAK are presently in the District of New Jersey. *See* Exhibit B (DiLauro Affidavit). The M/V DENAK TRADER, however, which is owned by DENAK, is or will be present during the pendency of this action. *See* Exhibit A (Jones Declaration).

5. The United States is aware of the M/V DENAK TRADER's expected arrival because all foreign-flagged vessels that intend to enter the United States' navigable waters must first submit an electronic notice of arrival to the Coast Guard. *See*

33 C.F.R. § 160.219 (requiring that vessels submit notice of arrival information). In compliance with this rule, DENAK submitted a notice of arrival to the U.S. Coast Guard. *See* Exhibit A (Jones Declaration). Therein, DENAK represents that it owns and operates the M/V DENAK TRADER, and that the vessel expects to arrive at Camden, New Jersey, on Friday, November 28, 2014, and to depart the port on Tuesday, December 2, 2014. *Id.*

6. The United States is advised that DENAK owned the M/V FEYZA because, with respect to the accident that gives rise to this lawsuit, DENAK submitted a similar notice of arrival when that vessel called at Jersey City on December 28, 2011. As with the M/V DENAK TRADER, DENAK listed itself as owner and operator for M/V FEYZA. In addition, a separate record, called a Continuous Synopsis Record (prepared by the Republic of Turkey to show vessel ownership) likewise lists DENAK as the registered owner of the M/V FEYZA. *Id.*

Jurisdiction and Venue

7. The Court has jurisdiction over the subject matter and the parties. *See* 28 U.S.C. §§ 1333, 1345 (giving district courts original jurisdiction of all civil actions, suits, or proceedings commenced by the United States) & 1355 (giving district courts original jurisdiction "of any action or proceeding for the recovery or enforcement of any fine, penalty, or forfeiture, pecuniary or otherwise . . . .").

8. Venue is proper in the District of New Jersey because the M/V DENAK is or will be in the district. Admiralty and maritime claims are not governed by the general

venue provisions.[1] *See* Fed. R. Civ. P. 82 ("These rules do not extend or limit the jurisdiction of the district courts or the venue of action in those courts. An admiralty or maritime claim under Rule 9(h) is not a civil action for purposes of 28 U.S.C. §§ 1391-1392.").[2]

## Description of the Incident

9. On December 28, 2011, the M/V FEYZA was a registered vessel of the Republic of Turkey of 27,798 gross tons, a length of 620 feet, a beam of 106 feet, a depth of 15 feet forward and 20 feet aft. On information and belief, the M/V FEYZA was later renamed SAFARINI, and was subsequently broken-up on February 17, 2014. *See* Exhibit A (Jones Declaration).

10. On the day of the accident, the weather was clear and windy. The M/V FEYZA entered New York Harbor with the intention of docking at the Claremont Terminal, which is located in Upper New York Harbor at Jersey City.

11. The U.S. Army Corps of Engineers New York District's Caven Point Marine Terminal is near the Claremont Terminal. A distance of approximately 1,000 feet separates the two facilities.

---

[1] Were it relevant, general venue conditions would also be satisfied in the District of New Jersey. A substantial part of events giving rise to this cause of action occurred in this judicial district. *See* 28 U.S.C. § 1391(b) (placing venue in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred).

[2] *See also* Moore's Fed. Practice § 110.44 (3d ed.) ("The claim may be brought in any district in which the court has jurisdiction over the . . . subject matter of the claim.") (citing *Davis v. Hill Eng'g, Inc.*, 549 F.2d 314, 324 (5th Cir. 1977) (finding venue to be proper in a district where property can be attached)).



**Figure 1, an aerial photograph, shows the damage site.**

12.     On December 28, 2011, Captain Yalcin Gurbuz was the master of the M/V FEYZA, however, when the ship reached the Ambrose, New Jersey, Pilot Station, the M/V FEYZA was joined by two tugs, Tug CHARLES D. McALLISTER and Tug MAURANIA III, and Sandy Hook Sea Pilot John DeCruz took command. When the M/V FEYZA reached Upper New York Harbor, control was turned over to Docking Pilot Robert Moore.

13.     As the M/V FEYZA was passing the Caven Point Marine Terminal, and

being turned to port by tugs, the operators of the ship lost control, allowing the M/V FEYZA's bulbous bow to allide with the southeast corner of the Caven Point Marine Terminal. *See* Exhibit C (U.S. Army Corps' Accident Report). As shown below, significant damage was done to the concrete bulkhead at the terminal.



**Figure 2 shows the view looking east, toward the damaged bulkhead.**

## Damages

14. Immediately after the accident, at approximately 2:00 p.m., on December 28, 2011, officials from the New York District of the U.S. Army Corps of Engineers traveled from their offices to the Caven Point Marine Terminal to examine the damage caused by the allision.

6



**Figure 3 shows the view looking southwest, across the damaged bulkhead, toward the M/V FEYZA in the background, which is docked at the scrap metal yard.**

15. They saw that a concrete slab had cracked and heaved where the bulbous bow of the M/V FEYZA struck it. A concrete cap atop a sheet pile wall was also destroyed. Likewise, five timber piles were damaged or destroyed, and concrete panels above, and likely the below, the water line were damaged or destroyed.

16. The day after the accident, December 29, 2011, a diver from Randive, Inc., of New Jersey, confirmed that there was damage below the water line to a timber piling and three concrete bulkhead sheets. *See* Exhibit D (Diver's Report).

7

17. The New York District of the United States Army Corps of Engineers solicited bids to repair the damage. The cost of repairs, which could increase if additional damage becomes apparent, is estimated to be as follows:

| | |
|---|---:|
| Contract obligation: | $1,563,346 |
| Cost of hiring divers: | $95,000 |
| Engineering and design expenditures: | $26,000 |
| Supervision and Administration: | $15,000 |
| Overhead: | $200,000 |
| Total: | $1,899,346 |

18. DENAK is liable to the United States for the cost of repairing damage to Caven Point Marine Terminal caused by the M/V FEYZA, to include pre-judgment interest.

### Count I—Strict Liability Arising Under the Rivers and Harbors Act of 1899 for the Allision of the M/V FEYZA with Caven Point Marine Terminal

19. The United States refers to and incorporates by reference, as though fully set forth herein, each and every foregoing paragraph.

20. DENAK, as owner and operator of the M/V FEYZA, is a "person" within the meaning of the Rivers and Harbors Act, as amended, 33 U.S.C. § 408.

21. Upper New York Harbor, in the vicinity of Caven Point Marine Terminal, is a navigable water of the United States within the meaning of 33 U.S.C. § 408.

22. Caven Point Marine Terminal is a public work built and maintained for the preservation and improvement of the navigable waters of the United States within the meaning of 33 U.S.C. § 408.

23. At all material times, the M/V FEYZA was a vessel "used and employed" within the meaning of 33 U.S.C. § 412.

24. DENAK is liable to the United States for the damage caused by the M/V FEYZA pursuant to the Rivers and Harbors Act.

### Count II—Negligence for the Allision of M/V FEYZA with Caven Point Marine Terminal

25. The United States refers to and incorporates by reference, as though fully set forth herein, each and every foregoing paragraph of this claim.

26. DENAK had a duty to act as a reasonably prudent owner and operator of the M/V FEYZA, and its crew had a duty to act as reasonably prudent mariners.

27. The incident of December 28, 2011, and the resulting damages, were caused by fault, negligence, want of care, on the part of the crew, operator, or owner of the M/V FEYZA.

28. The December 28, 2011 allision was in no way the fault of the United States, but was in all respects the fault of the M/V FEYZA, or her operators.

WHEREFORE, the United States prays:

1. That a summons with process of attachment and garnishment may issue against DENAK; and if DENAK cannot be found, then that its goods, chattels, and credits within the district—in particular, the M/V DENAK TRADER—may be attached in an amount sufficient to answer the United States' claim.

2. That judgment be entered in favor of the United States against DENAK in an amount of at least $1,899,346, or a lesser or greater sum as may later be proven, plus interest and costs;

3.	That a judgment may be entered in favor of the United States for the amount of its claim as will be proved, with interest and costs, and that a decree of condemnation and sale may be issued against the M/V DENAK TRADER and that the United States' claim with interest and costs be paid out of the proceeds thereof.

4.	That the United States be awarded further relief as the Court may deem just and proper.

DATED:    November 24, 2014

                                      Respectfully submitted,

                                      JOYCE R. BRANDA
                                      Acting Assistant Attorney General

                                      PAUL J. FISHMAN
                                      United States Attorney

                                      IRENE E. DOWDY
                                      Assistant United States Attorney

                                      */s/ Michael A. DiLauro*
                                      MICHAEL A. DiLAURO
                                      Trial Attorney
                                      Aviation & Admiralty Litigation
                                      Torts Branch, Civil Division
                                      U.S. Department of Justice
                                      (overnight courier)
                                      1425 New York Ave., N.W., Ste. 10146
                                      Washington, D.C. 20005
                                      (mailing)
                                      P.O. Box 14271
                                      Washington, D.C. 20044-4271
                                      Telephone: (202) 616-4047
                                      Facsimile:   (202) 616-4002
                                      michael.dilauro@usdoj.gov

## VERIFICATION

Michael A. DiLauro, hereby declares that:

I am an attorney with the Aviation & Admiralty Office, Torts Branch, Civil Division, U.S. Department of Justice, and one of the attorneys for Plaintiff United States of America, and make this verification by authority of Plaintiff and on its behalf. I have reviewed the foregoing Complaint, know the contents thereof, and, from information officially furnished to me, believe the same to be true.

I declare under penalty of perjury, in accordance with 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed this 24th day of November, 2014.

*Michael A. DiLauro*
MICHAEL A. DiLAURO
Trial Attorney
U.S. Department of Justice
Torts Branch, Civil Division