**Montgomery McCracken Walker & Rhoads LLP**
427 Madison Avenue, 29th Floor
New York, New York 10022
(212) 201-1931 / (212) 867-9500
Timothy Semenoro (TS-6847)
Eugene J. O'Connor *(admission pending pro hac vice)*

Attorneys for Defendant,
DENAK DEPOCULUK VE NAKLIYECILIK A.S.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------------------------------x
UNITED STATES OF AMERICA,                           :
                                                    :    **VERIFIED ANSWER**
                             Plaintiff,             :    **TO AMENDED VERIFIED**
                -against-                           :    **COMPLAINT**
                                                    :    **WITH AFFIRMATIVE**
DENAK DEPOCULUK VE NAKLIYECILIK A.S                 :    **DEFENSES**
                                                    :
                             Defendant,             :    Docket No. 14-7336 (JEI-JS)
------------------------------------------------------------x

Defendant, DENAK DEPOCULUK VE NAKLIYECILIK A.S. (hereinafter "DENAK"), by and through its attorneys, MONTGOMERY MCCRACKEN WALKER & RHOADS, LLP, answers the Amended Verified Admiralty Complaint ("Amended Complaint") of Plaintiff UNITED STATES OF AMERICA ("USA"), upon information and belief as follows:

1. Admits the allegations contained in Paragraph "1" of the Amended Complaint.

2. Admits the allegation contained in Paragraph "2" of the Amended Complaint that the United States of America is a sovereign nation authorized to bring suit on its own behalf and that of its various administrative agencies. Denies knowledge or information sufficient to form a belief as to the allegation of Paragraph "2" that the United States Army Corps of Engineers owns and operates the Caven Point Marine Terminal.

1

Denies the allegation contained in Paragraph "2" of the Amended Complaint that the M/V FEYZA struck or caused any damage to the Caven Point Marine Terminal on December 28th 2011 or at any other date.

3. Admits the allegation contained in Paragraph "3" of the Amended Complaint that the M/V FEYZA was, as of December 28th, 2011, owned and operated by DENAK. Admits that it is a corporation organized and existing under the laws of the Republic of Turkey and that its office and place of business is located in Istanbul, Turkey.

4. Admits not maintaining a presence in the United States. Denies knowledge or information sufficient to form a belief as to the other allegations contained in Paragraph "4".

5. Denies knowledge or information sufficient to form a belief as to the other allegations contained in Paragraph "5".

6. Admits the allegations contained in Paragraph "6" of the Amended Complaint that DENAis a member of the United Kingdom Mutual Steam Ship Assurance Association (Europe) Limited ("Association").

7. Denies knowledge or information sufficient to form a belief as to the other allegations contained in Paragraph "7".

8. Denies knowledge or information sufficient to form a belief as to the other allegations contained in Paragraph "8".

9. Admits the allegations contained in Paragraph "9" of the Amended Complaint

10. Admits the allegation contained in Paragraph "10" of the Amended Complaint that the Court has subject matter jurisdiction over the present matter. Denies further allegations contained in Paragraph "10" of the Amended Complaint.

11. Denies knowledge or information sufficient to form a belief as to the allegation of Paragraph "11" of the Amended Complaint.

12. Admits that, on December 28th, 2011, the M/V FEYZA was a registered vessel of the Republic of Turkey of 27,798 gross tons, a length of 620 feet and a beam of 106 feet. Denies knowledge or information sufficient to form a belief as to further allegations contained in Paragraph "12" of the Amended Complaint.

13. Denies the allegations contained in Paragraph "13" of the Amended Complaint.

14. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "14" of the Amended Complaint.

15. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "15" of the Amended Complaint.

16. Denies the allegations contained in Paragraph "16" of the Amended Complaint.

17. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "17" of the Amended Complaint.

18. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "18" of the Amended Complaint.

19. Denies the allegations contained in Paragraph "19" of the Amended Complaint.

20. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "20" of the Amended Complaint.

21. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "21" of the Amended Complaint.

22. Denies the allegations contained in Paragraph "22" of the Amended Complaint.

23. No answer is required to the statement contained in Paragraph "23" of the Amended Complaint. To the extent that anything in this paragraph may be interpreted as alleging liability on the part of Defendant DENAK, these allegations are denied.

24. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "24" of the Amended Complaint.

25. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "25" of the Amended Complaint.

26. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "26" of the Amended Complaint.

27. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "27" of the Amended Complaint.

28. Denies the allegations contained in Paragraph "28" of the Amended Complaint.

29. No answer is required to the statement contained in Paragraph "29" of the Amended Complaint. To the extent that anything in this paragraph may be interpreted as alleging liability on the part of Defendant DENAK, these allegations are denied.

30. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "30" of the Amended Complaint.

31. Denies the allegations contained in Paragraph "31" of the Amended Complaint.

32. Denies the allegations contained in Paragraph "32" of the Amended Complaint.

## AS AND FOR AFFIRMATIVE DEFENSES<br>TO THE CLAIMS SET FORTH IN THE THIRD PARTY COMPLAINT

### *First Separate and Complete Affirmative Defense*

33. The Amended Complaint fails to state a claim against the Defendant DENAK upon which relief may be granted.

### *Second Separate and Complete Affirmative Defense*

34. This Court lacks personal jurisdiction over the Defendant DENAK.

### *Third Separate and Complete Affirmative Defense*

35. This Answer is made without waiver of any jurisdictional defenses or rights to arbitrate that may exist between the parties.

### *Fourth Separate and Complete Affirmative Defense*

36. The M/T FEYZA did not allide with Caven Point Marine Terminal.

### *Fifth Separate and Complete Affirmative Defense*

37. At all material times, the M/T FEYZA, and those responsible for the vessel, acted with all due reasonable care and were without fault.

### *Sixth Separate and Complete Affirmative Defense*

38. The Amended Complaint herein was not filed until December 9th, 2014, nearly three years after the date of the events upon which the plaintiff relies as entitling

him to recover, and hence the plaintiff has been guilty of such gross laches that the claim should be barred and the Amended Complaint dismissed. Prejudice to Defendant is furthermore amplified by the circumstance that Plaintiff failed to give notice to Defendant of the alleged damages before the repair works neared completion, and without allowing Defendant to assess the state of said pier prior to the repair work being executed.

### *Seventh Separate and Complete Affirmative Defense*

39. Any damages claimed by Plaintiff, which Defendant DENAK denies, were caused in part or in whole by the sole fault, lack of care, culpable conduct and negligence of the Plaintiff and, therefore, Defendant DENAK is not liable to Plaintiff in whole or in part.

### *Eight Separate and Complete Affirmative Defense*

40. Any damages sustained by Plaintiff, as alleged in the Plaintiff's Amended Complaint were proximately, directly, and solely caused by the negligent acts of third persons over whom Defendant DENAK had and has no direction or control and, therefore, Defendant is not liable to the Plaintiff.

### *Ninth Separate and Complete Affirmative Defense*

41. At the time suit was commenced on this action or at the time when any loss or damage was sustained by Caven Point Marine Terminal, or at any material time, Plaintiff was not the real party in interest, and this action is not commenced pursuant to proper authority or subrogation perfected within the statute of limitation time period.

6

### *Tenth Separate and Complete Affirmative Defense*

42. Even if, by reason of the matters set forth in the Amended Complaint, Plaintiff USA was damaged, as alleged by Plaintiff and denied by Defendant DENAK, the M/T FEYZA was under the control and direction of a compulsory pilot and any negligence of the pilot that may have caused or contributed to the damages cannot be imputed to either the owner of the M/T FEYZA or the vessel's manager.

### *Eleventh Separate and Complete Affirmative Defense*

43. Any damages claimed by Plaintiff, which Defendant DENAK denies, were pre-existing and not caused by the Defendant DENAK or by DENAK's vessel.

### *Twelfth Separate and Complete Affirmative Defense*

44. Even if, by reason of the matters set forth in USA Amended Complaint, Plaintiff USA was damaged, as alleged by Plaintiff USA and denied by Defendant DENAK, Plaintiff failed to maintain Caven Point Marine Terminal and Caven Point Marine Terminal, due to corrosion, pre-existing damage, material degradation, lack of maintenance, age and other factors, was unable to withstand ordinary wear and tear and/or normal, expected and foreseeable contacts from vessels berthing at Caven Point Marine Terminal and, therefore, the owners and/or operators of Caven Point Marine Terminal knew, or should have known, the conditions at Caven Point Marine Terminal and they assumed the risk of damage to Caven Point Marine Terminal.

### *Thirteenth Separate and Complete Affirmative Defense*

45. Plaintiff USA, its agents and representative and/or predecessors-in-interest did not exercise ordinary care, caution or prudence to avoid the alleged loss and the alleged loss, if any – which is denied, sustained by Plaintiff USA was proximately cause and contributed to by the negligence and fault of Plaintiff, its agents or representatives and/or predecessors-in-interest. Said negligence and fault bars Plaintiff's recovery from this answering Defendant or comparatively reduces the percentage of fault, if any, of this answering Defendant.

### *Fourteenth Separate and Complete Affirmative Defense*

46. The alleged damages to Caven Point Marine Terminal were the result of an Act of God, specifically winds of unexpected, unusual and extraordinary strength and violence, occurring without warning, in a weather front, without any fault, negligence or want of due care on the part of the Defendant, its agents, servants, employees or equipment and therefore the same was the result of an inevitable accident.

### *Fifteenth Separate and Complete Affirmative Defense*

47. Any judgment that may be entered against this Defendant for damages must be limited to an amount proportionate with that degree of fault attributable to this Defendant, if any – which is denied, as opposed to fault attributed to Plaintiff USA and others.

### *Sixteenth Separate and Complete Affirmative Defense*

48. Plaintiff herein has failed to mitigate its damages.

### *Seventeenth Separate and Complete Affirmative Defense*

49. Even if, by reason of the matters set forth in USA Complaint, Plaintiff USA was damaged, as alleged by Plaintiff USA and denied by Defendant DENAK, the repair and amelioration work that Plaintiff has or will perform on Caven Point Marine Terminal, the costs for which Plaintiff seeks to recover in the present action, have extended, and will further extend once completed, the useful life of Caven Point Marine Terminal beyond what was reasonably expected, considering the pre-existing condition and the age of the structure at the time of the alleged allision. Therefore, the Defendant is entitled to a "betterment" credit in an amount corresponding to the added value the Caven Point Marine Terminal has gained due its extended useful life, and the Plaintiff's damages, if any, should be reduced accordingly.

**WHEREFORE,** Defendant, DENAK, demands the following judgment:

a) That the Amended Complaint be dismissed as against Defendant DENAK, and that judgment be entered in favor of Defendant;

b) An Order awarding the Defendant DENAK its legal expenses and attorneys' fees incurred in defending the present action; and

c) Such other, additional and further relief as the Court may deem to be just and proper in the circumstances of this case.

Dated: New York, New York
January 29, 2015

                                              MONTGOMERY MCCRACKEN
                                              WALKER & RHOADS, LLP
                                              Attorneys for Defendants,
                                              DENAK DEPOCULUK VE
                                              NAKLIYECILIK A.S.

                            By:    s/ Timothy Semenoro
                                   Timothy Semenoro (TS-6847)
                                   Eugene J. O'Connor
                                   *(admission pending pro hac vice)*
                                   tsemenoro@mmwr.com
                                   eoconnor@mmwr.com
                                   427 Madison Avenue, 29th Floor
                                   New York, New York 10022
                                   (212) 201-1931 / (212) 867-9500

To:    <u>Via ECF</u>

       U.S. DEPARTMENT OF JUSTICE
       Attorneys for Plaintiff
       United States of America
       1425 New York Ave., N.W., Ste. 10146
       Washington, D.C. 20005
       Attn:   Joyce R. Branda, Esq.
                Paul J. Fishman, Esq.
                Irene E. Dowdy, Esq.
                Michael A. DiLauro, Esq.

## **CERTIFICATION PURSUANT TO CIV. RULE 11.2**

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct:

The matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Executed on January 29, 2015

                    By:    s/ Timothy Semenoro_____
                            TIMOTHY SEMENORO (TS-6847)
                            **Montgomery McCracken Walker & Rhoads, LLP**
                            427 Madison Avenue, 29th Floor
                            New York, New York 10022
                            (212) 201-1931 / (212) 867-9500

## **CERTIFICATION OF TIMOTHY SEMENORO**

Pursuant to 28 U.S.C. § 1746, TIMOTHY SEMENORO, Esq., declares under the penalty of perjury:

1. I am a member of the law firm of Montgomery McCracken Walker & Rhoads, LLP., attorneys for the Defendant DENAK DEPOCULUK VE NAKLIYECILIK A.S., herein;

2. I have read the foregoing answer and know the contents thereof, and

3. I believe the matters to be true based on documents and information obtained from employees and representatives of the Defendant and through its underwriters. The reason that this verification was made by deponent and not by the Defendant is because Defendant is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, January 29, 2015

By:  s/ Timothy Semenoro  
TIMOTHY SEMENORO (TS-6847)  
**Montgomery McCracken Walker & Rhoads, LLP**  
427 Madison Avenue, 29th Floor  
New York, New York 10022  
(212) 201-1931 / (212) 867-9500

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the District of New Jersey by using the Court's ECF system on January 29, 2015.

s/ Timothy Semenoro _____
TIMOTHY SEMENORO (TS-6847)
**Montgomery McCracken Walker & Rhoads, LLP**
427 Madison Avenue, 29th Floor
New York, New York 10022
(212) 201-1931 / (212) 867-9500

3827961v1